UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LM INSURANCE CORPORATION,
a Florida corporation,

        Plaintiff,        Case No.

vs.

LANDMARK AMERICAN INSURANCE
COMPANY, an Oklahoma corporation,

        Defendant.

## COMPLAINT

Plaintiff, LM Insurance Corporation ("Liberty Mutual"), by and through its undersigned counsel, hereby sues Defendant, Landmark American Insurance Company ("Landmark"), and states:

### JURISDICTION AND VENUE

1. This is an action for declaratory and equitable relief, and for such further relief as may be necessary and proper.

2. Liberty Mutual files this action, in part, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Chapter 86, *Fla. Stat.* as Liberty Mutual is in doubt about the priority of the insurance policies issued by the parties. Liberty Mutual is requesting that this Court construe the parties' written agreements to determine the below described questions of construction arising under the policies.

3. Liberty Mutual also files this action seeking equitable contribution and equitable subrogation, for amounts it paid to defend and indemnify its insured, The Marker Group, LLC d/b/a Marker Group Construction Group (hereinafter "Marker Group").

4. Liberty Mutual is an insurance company organized and existing under the laws of the state of Illinois. Its principal place of business is in Boston, Massachusetts. Liberty Mutual is authorized to transact insurance business in Florida and has issued policies to insureds in Florida. Liberty Mutual issued an insurance policy to Marker Group. A true and correct copy of the Liberty Mutual Policy is attached hereto as **Exhibit A**.

5. Landmark is an insurance company organized under the laws of Oklahoma and is authorized to transact insurance business in Florida. Its principal place of business is in Atlanta, Georgia. Landmark has issued policies to insureds in Florida including Commercial General Liability Policy No. LHA111520 ("the Landmark Policy") to Spengler Construction and Masonry, Inc. (hereinafter "Spengler") in Delray Beach, Palm Beach, Florida. A true and correct copy of the Landmark Policy is attached hereto as **Exhibit B**.

6. An actual controversy exists between Liberty Mutual and Landmark. The controversy between Liberty Mutual and Landmark, who have adverse legal interests, is substantial and of such immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

7. Jurisdiction lies in this Court as the cause of action presents a federal question and the amount in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the Landmark policy was delivered in Del Ray Beach, Palm Beach County, Florida and the work performed by the Marker Group and Spengler was performed in Broward County, Florida.

9. Liberty Mutual has been obligated to retain the undersigned attorneys for the prosecution of this action and are entitled to recover reasonable attorneys' fees pursuant to §§ 626.9373 and/or 627.428, Fla. Stat.

10. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have otherwise been satisfied.

**FACTS**

11. This civil action concerns Landmark's breach of its obligations pursuant to the Landmark Policy issued to Spengler. Specifically, Landmark was obligated to, but did not, provide a defense and indemnification to its additional insured, Marker, for multiple actions previously pending in state court.

12. Marker is a General Contractor who performed general contracting services to construct a Tru Hotel ("the Project") in Dania Beach, FL.

13. In 2018, Marker hired Spengler to construct the concrete shell at the Project. An unsigned copy of the contract (the "Agreement") is attached hereto as **Exhibit C**.

14. The Agreement between Marker and Spengler contained the following provision:

**ARTICLE 4**

The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability:

Prior to Subcontractor's commencement of Work, a Certificate of Insurance is required naming **The Marker Group, LLC d/b/a Marker Construction Group & Owner**, as additional insured parties for each different job. This is required of all Subcontractors before commencing Work on, or delivering materials to, a jobsite. (If you are a material supplier, you need only supply us with a blanket certificate evidencing proof of insurance.)

15. Exhibit F of the Agreement provided the specific Subcontractor Insurance Requirements, including the necessary policy limits. Pursuant to the Agreement's terms, the insurance policy providing coverage to Marker Group as an additional insured was required to "include a waiver of subrogation" and "be primary and non-contributing as respects to any other insurance available."

16. Spengler also agreed to indemnify and defend Marker in Article 7 of the Agreement. Spengler specifically agreed to:

> [D]efend, indemnify and hold the Contractor … harmless from and against any and all claims for damages involving … property damages … including claims for those damages caused partly or wholly as a result of the negligence or wrongful acts of any of the INDEMNITEES if the damages claimed relate to our areas out of or are connected with the work of the Subcontractor under this contract and the actions necessary to perform same.
>
> Additionally, Subcontractor agrees to indemnify, defend and hold harmless the Contractor … from any and all sections, causes of action, claims, demands, liabilities, losses, damages or expenses including attorney fees … which shall or may arise or occur at any time by reason or as a consequence of … property damage caused in any way related to the work being performed by Subcontractor under this agreement even if the negligence of any of the indemnities caused or contributed to the cause of the incident which results in loss, injury or damages to another even when the negligence of the indemnities causes or contributes or is alleged to have caused or contributes in whole or in part to the incident causing the loss, injury or damages claimed.

17. As required by the Agreement, the Landmark Policy includes a Form CG 20 33 04 13 Additional Insured – Owners, Lessees or Contractors endorsement which expands the definition of an Insured as follows:

> A. **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

18. As required by the Agreement, the Landmark Policy also contains a Primary and Noncontributory – Other Insurance Condition endorsement which states,

> The following is added to the **Other Insurance Condition** and supersedes any provision to the contrary:
>
> **Primary And Noncontributory Insurance**
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> (1) The additional insured is a Named Insured under such other insurance; and
>
> (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

19. The Landmark Policy period commenced on February 8, 2018 and ended February 8, 2019.

20. On August 9, 2018, while Spengler was performing its work at the Project, a wall sheared off a building at a property adjacent to the Project.

21. On or about August 16, 2018, Landmark was first put on notice of Marker's request for insurance coverage under the Landmark Policy. **Exhibit D.**

22. On September 28, 2018, six tenants filed a lawsuit in Broward County court against Marker, under Case Number CACE-18-022957 (the "Tenant Action"). The complaint filed in the Tenant Action is attached hereto as **Exhibit E**.

23. Within the Tenant Action, the plaintiffs complained that Marker was negligent, and vicariously liable, for "failing to exercise reasonable care while performing construction activities . . . , failing to inspect or adequately warn the Plaintiff of the danger of the premises . . . , [and] failing to correct or adequately correct the unreasonably dangerous condition on the subject premises." Tenant Action Complaint at ¶ 12. Plaintiffs sought personal property damages, lost wages, loss of use damages, interests, and costs. Id. at ¶¶ 9-10.

24. On October 4, 2018, Liberty Mutual, tendered the lawsuit to Landmark. The correspondence is attached hereto as **Exhibit F.** Landmark did not indemnify nor defend Marker.

25. Because of Landmark's failure to defend Marker, Liberty Mutual provided Marker with a defense in the Tenant Action.

26. On March 22, 2019, two businesses filed a lawsuit in Broward County court against Marker, under Case Number CACE-19-006383 (the "Boxing Studio Action"). The complaint filed in the Boxing Studio Action is attached hereto as **Exhibit G**.

27. Within the Boxing Studio Action, the plaintiffs complained that Marker were negligent, and vicariously liable, for "failing to exercise reasonable care while performing construction services . . . , failing to inspect or adequately warn the Plaintiff of the danger of the premises . . . , failing to correct or adequately correct the unreasonably dangerous

condition on the subject premises . . . , [n]egligently operating and maintaining construction equipment . . . , [n]egligently training and supervising its employees and subcontractors; and [n]egligently selecting and hiring subcontractors and employees." Boxing Studio Action Complaint at ¶ 18. Plaintiffs brought the same claim against Spengler, and were seeking compensatory damages, loss of use damages, lost profits, and loss of business value. *Id.* at ¶¶ 19, 34-35.

28. On April 16, 2019, the owner of a jewelry studio filed a lawsuit in Broward County court against Marker, under Case Number CACE-19-008186 (the "Jeweler Action"). The complaint filed in the Jeweler Action is attached hereto as **Exhibit H**

29. Within the Jeweler Action, the plaintiffs alleged that Marker was negligent, and vicariously liable, for "failure to exercise reasonable care while performing construction activities . . . , failure to supervise its own contractors, . . . failure to inspect and or maintain the area where the construction was taking place . . . , [f]ailure to correct an unreasonably dangerous condition . . . , [v]iolation of one or more regulations listed in the Florida Building Code, . . . [n]egligent hiring and retention of employees, agents, or servants . . . ." Jeweler Action Amended Complaint at ¶¶ 18 and 24. Plaintiffs brought similar claims against Spengler and were seeking personal property damages, lost wages, loss of use damages, interest, and costs. *Id.* at ¶ 27.

30. On November 1, 2019, Liberty Mutual renewed its tender of the Tenant Action and tendered the Boxing Studio Action and the Jeweler Action. The correspondence is attached hereto as **Exhibit I**. Landmark did not defend Marker.

31. Because of Landmark's failure to defend Marker, Liberty Mutual provided Marker with a defense in the Boxing Studio Action and the Jeweler Action.

32. On June 18, 2020, the owner of a computer sales and repair store filed a lawsuit in Broward County court against Marker, under Case Number CACE-20-010058 (the "Computer Action"). The complaint filed in the Computer Action is attached hereto as **Exhibit J**. When referred to collectively, the aforementioned suits adverse to Marker are referred to as the "Actions."

33. Within the Computer Action, the plaintiffs alleged that Marker was negligent, and vicariously liable, for "[f]ailure to exercise reasonable due care while performing construction activities . . . , [f]ailure to . . . supervise its own contractors, . . . failure to inspect . . . and or maintain the area where the construction was taking place . . . , [f]ailure to correct an unreasonably dangerous condition . . . , [v]iolation of one or more regulations listed in the Florida Building Code, . . . [n]egligent hiring, training, supervising and/or selecting employees, agents, or servants . . . ." Computer Action Complaint at ¶ 25. Plaintiffs brought similar claims against Spengler and were seeking personal property damages, lost wages, loss of use damages, interest, and costs. *Id.* at ¶¶ 34, 28, 37.

34. On July 22, 2020, Liberty Mutual renewed its tender of the Tenant Action, the Boxing Studio Action and the Jeweler Action and tendered the Computer Action to Landmark. The correspondence is attached hereto as **Exhibit K.** Landmark did not defend Marker.

35. For the first time, on August 12, 2020, Landmark responded with its coverage position. The correspondence is attached hereto as **Exhibit L**. Although Landmark

8

confirmed that Marker was an additional insured under Spengler's policy, Landmark refused to indemnify Marker for the Tenant Action.  Landmark did, however, agree to reimburse defense costs and any indemnity paid in the Boxing Studio Action and the Jeweler Action. Landmark further agreed to provide a defense and indemnify Marker in the Computer Action.

36.     Despite agreeing in writing to provide a defense to Marker in the Computer Action, to date no defense has ever been provided.  Liberty Mutual has provided Marker's defense in the Computer Action.

37.     Further, despite agreeing to reimburse defense costs and any indemnity paid in the Boxing Studio Action and the Jeweler Action, no such amounts have been paid. Liberty Mutual provided Landmark with a complete breakdown of the fees and costs expended to date, including all invoices pertaining to both defense fees and costs, and invoices related to loss mitigation efforts undertaken by Marker or on its behalf, but Landmark has never acknowledged the same.

38.     Due to Landmark's persistent recalcitrance, its breach of its obligations under the policy issued to Marker, and its breach of its written agreement with Liberty Mutual, Liberty Mutual has been forced to file the instant action against Landmark to finally recover the defense fees, costs, and indemnity spent defending Landmark's named insured.

## COUNT I - DECLARATORY JUDGMENT

39.     Liberty Mutual re-asserts and re-states the allegations contained in paragraphs 1 – 38 above as if fully set forth herein.

40. This request for a declaratory judgment deals with a present, ascertained or ascertainable state of facts or a present controversy as to the facts described herein.

41. The antagonistic and adverse interests are all before the Court by proper process.

42. An actual controversy and dispute exists between Liberty Mutual and Landmark as to:

   a. Whether Landmark had a duty to defend and indemnify Marker in the Tenant Action;

   b. Whether Landmark had a duty to defend or indemnify Marker in the Boxing Studio Action, the Jeweler Action, and the Computer Action as of the date each lawsuit was filed.

43. Marker is an additional insured under the Landmark Policy and coverage exists for the allegations asserted against Marker in the Actions.

44. Landmark had a duty to defend Marker in the Actions, and that duty is primary to, or at least equal to, any such duty owed to Marker by Liberty Mutual.

45. Liberty Mutual has an actual, present, adverse, and antagonistic interest in the subject matter described herein, either in fact or law, or both.

46. Liberty Mutual is entitled to a declaration, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Chapter 86, *Fla. Stat.*, of the rights, duties and obligations of the parties under the Liberty Mutual Policy and the Landmark Policy.

47. Liberty Mutual is specifically entitled to a declaration that Landmark was obligated as primary insurer to defend and indemnify Marker for the claims asserted against it in the Actions.

WHEREFORE, Liberty Mutual respectfully requests the Court enter a judgment that:

(i)   Declares that Marker is an additional insured under the Landmark Policy;

(ii)  Declares that Landmark had a duty to defend Marker in the Actions, which duty was triggered upon the filing of the respective lawsuits;

(iii) Declares that Landmark had a duty to indemnify Marker in the Tenant Action;

(iv)  Declares that any duty owed by Liberty Mutual to defend and/or indemnify Marker in the Actions, to the extent it has a duty, is excess to Landmark's duty to defend and indemnify;

(v)   Declares that Liberty Mutual is entitled to reimbursement by Landmark for all of the defense costs it has incurred defending the Actions;

(vi)  Declares that Liberty Mutual is entitled to reimbursement by Landmark for all of the costs it has incurred in indemnifying Marker in the Actions;

(vii) Awards Liberty Mutual attorneys' fees and costs; and,

(viii) Awards any other relief as the Court deems just and proper.

## COUNT II - EQUITABLE CONTRIBUTION

48. Liberty Mutual re-asserts and re-states the allegations contained in paragraphs 1-38 above as if fully set forth herein.

49. Marker is an additional insured under the Landmark Policy and coverage exists for the allegations asserted against Marker in the Actions.

50. Landmark had a duty to defend and indemnify Marker in the Actions, which duty is either primary to, or equal to, any such duty owed to Marker by Liberty Mutual.

51. Liberty Mutual paid more than its pro rata share of a common liability shared by Liberty Mutual and Landmark in defense and settlement of the Actions.

52. Liberty Mutual is entitled to recover from Landmark all sums paid in excess of its pro rata share in each of the Actions.

WHEREFORE, Liberty Mutual respectfully requests this Court enter a judgment in favor of Liberty Mutual and against Landmark for any and all fees and costs spent in the defense of Marker in the Actions, and any indemnification costs spent in the Actions, together with interest and such further and other relief as the Court may determine to be just and proper.

## COUNT III – EQUITABLE SUBROGATION

53. Paragraphs 1 through 38 are realleged as if fully set forth herein.

54. Landmark has wrongfully refused to provide a full and complete defense to its insured, Marker, in the Actions.

55. Landmark has wrongfully refused to indemnify its insured, Marker, in the Tenant Action.

56. As a result of Landmark's breach of the Landmark Policy, Liberty Mutual was forced to undertake the defense of Marker in the Actions.

57. As a result of Landmark's breach of the Landmark Policy, Liberty Mutual was forced to settle claims against Marker in the Tenant Action.

58. Liberty Mutual was wrongfully compelled to pay fees and costs on behalf of Marker, which are the rightful and actual responsibility and obligation of Landmark.

59. Liberty Mutual did not act as a volunteer. It timely tendered the defense and indemnity of Marker, and was forced to undertake the defense of Marker due to Landmark's failure to provide a defense.

60. By reason of the defense costs and fees paid on Marker's behalf and per the terms of the Liberty Mutual Policy, Liberty Mutual is subrogated to the rights and remedies available to Marker as against Landmark.

61. Liberty Mutual's rights include, but are not limited to, recovery of any and all attorneys' fees and costs incurred in the Actions, any and all settlement costs paid in any of the Actions.

62. By reason of such subrogation, Liberty Mutual is further entitled to any and all attorneys' fees and costs incurred in this action, as all such costs are being expended in order to assert and establish Marker's rights under the Landmark Policy.

63. Subrogation will not adversely affect any third-party's rights.

WHEREFORE, Liberty Mutual respectfully requests this Court enter a judgment in favor of Liberty Mutual and against Landmark for any and all fees and costs spent pursuing this claim, together with interest and such further and other relief as the Court may determine to be just and proper.

(*Signature page follows.*)

| | |
|---|---|
| **NELSON MULLINS RILEY & SCARBOROUGH LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
| */s/ Tanya L. Cronau* <br> TANYA L. CRONAU <br> Florida Bar Number 98479 <br> 50 N. Laura Street, Suite 4100 <br> Jacksonville, Florida 32202 <br> Tele (904) 665-3602 (direct) <br> tanya.cronau@nelsonmullins.com <br> allison.abbott@nelsonmullins.com | */s/ Ginger Barry Boyd* <br> GINGER BARRY BOYD <br> Florida Bar Number 294550 <br> 215 South Monroe Street, Suite 400 <br> Tallahassee, Florida 32301 <br> Tele (850) 681-6810 Fax (850) 521-1472 <br> ginger.boyd@nelsonmullins.com <br> merriejo.norman@nelsonmullins.com |

*Attorneys for Plaintiff LM Insurance Corporation*

4831-2666-5947